UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTHA O. GUZMAN                                        CIVIL ACTION

VERSUS                                                  NO. 13-6259

FEDERAL EMERGENCY                                       SECTION "K"(1)
MANAGEMENT AGENCY, ET AL.

## ORDER AND REASONS

Before the Court is Federal Defendants' Partial Motion to Dismiss (Doc. 13).  Federal defendants, W. Craig Fugate, Administrator, Federal Emergency Management Agency, and Jeh Johnson, Secretary , U.S. Department of Homeland Security (collectively hereinafter, "FEMA") have moved the Court pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure to dismiss portions of the subject complaint.  Having reviewed the pleadings, memoranda and the relevant law, the Court finds merit in the motion.

**Background**

Under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* (the "NFIA") and subsequent legislation,  FEMA administers the National Flood Insurance Program ("NFIP") which provides flood insurance and issues the SFIP which is a single-building risk insurance policy that provides coverage against "direct physical loss by or from flood" subject to the terms and exclusions of the policy.  44 C.F.R. § 61 App. A(1), Insuring Agreement and Art. II, Definitions (Definition of Policy and Flood). Claims paid on FEMA issued flood insurance polices are funded through the United States Treasury.  *Forman v. Federal Emergency*

*Management Agency*, 138 F.3d 543, 545 (5th Cir. 1998).  All disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA and are constrained by 42 U.S.C . § 4072 by which Congress provided a limited waiver of sovereign immunity for such suit for non-payment or improper payment of claims. *Flotte v. Marie Clesi Ins. Agency*, 2007 WL 2406994 (E.D. La. August 20, 2007).

Plaintiff brought suit as an insured policy holder under a policy of flood insurance issued and/or underwritten by FEMA based on the flooding of her property located at 2701 Yorketown Drive, La Place Louisiana on August 28, 2012 as a result of the effects of Hurricane Isaac.  She filed a claim for flood loss as a result of damage to her buildings, structures and contents.  She alleges that there was a period of alleged analysis and adjustment.  However, plaintiff contends that FEMA has undervalued and/or underpaid these claims due to FEMA's having under-evaluated the costs to repair the buildings and structures and having under-evaluated the effects of the flooding on the structures in causing the damages suffered by plaintiff.  Proof of Loss as required and in accordance with the terms and provision of the Flood Policy has allegedly been filed.

In this suit, plaintiff seeks (1) a declaration that "FEMA is obligated to pay her claim loss and damages up to the full extent of damage, less any applicable deductible amount" as provided under the Flood Policy in place for her residence at 2701 Yorktowne Drive, La Place, Louisiana issued through the National Flood Insurance Program" and (2) a finding that FEMA is liable to plaintiff for breach of contract and damages:

> the exact amount to be proven at trial, including but not limited to, the amount of Plaintiff's loss and damages covered under the Flood Policy above any applicable deductible, together with attorneys' fees, costs, penalties and disbursements under

> applicable law that have been incurred to date and which may be incurred by Plaintiff in connection with prosecution of this lawsuit to recover insurance.

(Doc. 1, Complaint, ¶¶ 15 and 19).

FEMA filed the instant motion seeking the dismissal of Count 1, that is the declaratory judgment action, as being "duplicative of the breach of contraction action" and should be dismissed under Rule 12(f).  Moreover, FEMA contends this claim should be dismissed because Congress did not authorize an action for declaratory relief in the waiver of sovereign immunity found in 42 U.S.C. § 4072.    FEMA also contends that any claim for extra-contractual damages sought in Count 2 is not sustainable and that plaintiff is entitled only to an award of damages for breach of contract.

**Standard for Rule 12(b)(1) and (b)(6) Motions**

As stated in *Abdulaziz v. Sam Houston State University*, 2013 WL 1787779 (S.D. Tex. 2013) (Ellison, J.):

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P.  12(b)(1).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

*Id.* at *2. Stated another way,

> To determine whether it has subject matter jurisdiction, the Court is free to review matters outside of the complaint such as affidavits and documents. *Osborn v. United States,* 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information of a complaint

>does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. *Id*.

*In the Matter of the Complaint of Luhr Bros., Inc.*, 100 F.Supp.2d 1156, 1158 (E.D. Missouri 2000).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at 563, 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted).

Analysis

### Declaratory Judgment

As noted, plaintiff seeks a declaratory judgment that a declaration that "FEMA is obligated to pay her claim loss and damages up to the full extent of damage, less any applicable deductible amount." (Doc. 1, ¶15 at 4 of 6). FEMA maintains that this remedy is unavailable under the NFIA. *Scritchfield v. Mut. of Omaha Ins. Co.,* 341 F.Supp2d 675 (E.D.Tex. 2004). In *Scritchfield*, the court considered and dismissed a request for a declaratory judgment reasoning:

> In this case Defendants acknowledge the policy and the breach of contract claim under 42 U.S.C. § 4072, but obviously dispute its merits. Even though there is a dispute about the rights and obligations of the parties under the contract, that does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist. 10B Charles A. Wright Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. §§ 2751, 2758 (3d ed. 1998). Plaintiffs would get nothing form a declaratory judgment that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events.

*Id.* at 682. Based on that reasoning, the district court dismissed that claim. Judge Barbier faced with a nearly identical question, found this reasoning persuasive and adopted it as his own. *Philips v. Federal Emergency MGMT Agency*, 2014 WL 273144 (E.D.La. 2014). This Court will follow suit and as such, the motion to dismiss shall be granted as to the declaratory judgment cause of action.

**Claim for Extra-Contractual Damages**

FEMA seeks dismissal "of any damage request by Plaintiff above that permitted under the SFIP for breach of contract".  This request includes any attempt to pursue extra-contractual damages.  Plaintiff responds that she seeks only "contract damages under her flood insurance policy" and that consideration of "any other forms of relief is premature at this time."  To that end, it appears that plaintiff contends that she may be entitled to attorneys' fees under the Equal Access to Justice Act and prejudgment interest.

Judge Feldman addressed this issue in *Qader v. Federal Emergency Management Agency*, 543 F.Supp.2d 558 (E.D.La. 2008).  Specifically, the court stated:

> FEMA asserts that the plaintiff's claims for "extra-contractual" damages must fail as a matter of law.  The Fifth Circuit has indeed held that the NFIA allows policy holders to sue for money owed under a flood policy, does not create a cause of action against NFIP insurers for fraud or negligent misrepresentation, and does not allow recover of cost, attorneys' fees or interest.  *See Wright v. Allstate Ins. Co.*, 500F.3d 390 (5th Cir. 2007); *In re Estate of Lee v. NFIP,* 812 F.2d 253, 256 (5th Cir. 1987).  But the Fifth Circuit has allowed a plaintiff to recover costs and attorneys' fees from FEMA under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  *See In re Estate of Lee v. NFIP,* 812 F.2d at 256; *see also Bolden v. Federal Emergency Management Agency,*, 2007 WL 3046067 *3 (E.D.La. 2007) (refusing to dismiss plaintiffs' claims for attorneys' fees under the EAJA).

*Id.* at 562.  With that analysis, the court dismissed extra-contractual relief as not permitted as a matter of law.  The Court finds this succinct explanation equally persuasive and will likewise adopt the court's reasoning.  As such, claims for extra-contractual damages like interest are not permitted as a matter of law and are dismissed.  In the event, plaintiff can show that she is entitled to attorney's fees and costs as allowed under the EAJA, such a claim shall be permitted.  Accordingly,

**IT IS ORDERED** that Federal Defendants' Partial Motion to Dismiss (Doc. 13) is **GRANTED**; the claim for declaratory is dismissed as is all extra-contractual claims save for that which may be recoverable under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

New Orleans, Louisiana, this 11th day of July, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**